UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                  **MEMORANDUM AND ORDER**
                                                  23-CR-292 (RPK)

      v.

LESLY VALENTIN, JARRETT BRUCE, AASIM
BOONE, and GREGORY BRUCE,

           Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Defendants Lesly Valentin and Aasim Boone each move to sever their trials from their co-defendants. *See* Valentin's Mot. (Dkt. #58-1); Boone's Mot (Dkt. #60-1). While the defendants have also moved for other relief and co-defendant Gregory Bruce intends to file his own severance motion, the severance motions of Valentin and Boone are being decided now to provide those defendants with certainty about the timing of their trials. For the reasons set forth below, Valentin's and Boone's motions for severance are denied.

      Valentin and Boone are two of four defendants charged in the second superseding indictment in this case. *See* Second Superseding Indictment (Dkt. #70). In the indictment's first count, Valentin and Boone are charged, along with Jarrett Bruce, with kidnapping conspiracy in violation of 18 U.S.C. § 1201(c). Specifically, the count charges that in or about December 2022, Valentin, Boone, and Jarrett Bruce conspired to kidnap an individual referred to as "John Doe 1." Second Superseding Indictment ¶¶ 1–2. The second count charges Valentin with transmission of interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b). Specifically, Valentin is charged with transmitting messages threatening kidnapping of and injury to John Doe 1 and one or more of John Doe 1's friends and family members. Second Superseding Indictment ¶¶ 3–4. Finally, the third count charges that in or about January 2024 and February 2024, Jarrett

1

Bruce and Gregory Bruce engaged in witness tampering and obstruction to prevent an individual referred to in the indictment as "John Doe 2" from testifying in a federal criminal proceeding, in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(c)(2).  Second Superseding Indictment ¶ 4.  The charge appears to involve witness tampering and obstruction designed to prevent an individual from testifying about the events underlying the charges above.  *See* June 25, 2024, Tr. 7 (transcript of Gregory Bruce's arraignment hearing).

Neither Valentin nor Boone have established that severance of their trial from their co-defendants is warranted under Federal Rule of Criminal Procedure 14.  "For reasons of economy, convenience and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trials." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003).  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  In other words, "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice," *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (citation and quotation marks omitted), that is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials," *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted).  Even where a defendant shows a risk of prejudice, "less drastic measures, such as limiting instructions" are preferred. *Zafiro*, 506 U.S. at 539.  Ultimately, "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Id.* at 541.

Severance is not warranted here.  First, contrary to Valentin's and Boone's arguments, severance is not needed to safeguard their rights under the Confrontation Clause.  Under *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny, "a defendant is deprived of his Sixth

Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial," even if the jury is instructed not to consider the facially incriminating confession against the co-defendant it implicates. *Samia v. United States*, 599 U.S. 635, 647 (2023) (quoting *Richardson v. Marsh*, 481 U.S. 200, 207 (1987)). But "the *Bruton* rule applies only to 'directly accusatory' incriminating statements, as distinct from those that do 'not refer directly to the defendant' and 'bec[o]me incriminating only when linked with the evidence introduced later at trial." *Id.* at 653 (quoting *Gray v. Maryland*, 523 U.S. 185, 194–96 (1998)). In addition, a statement may be "redacted," "modified," or "accompanied by a limiting instruction" so that it is no longer "directly accusatory" and therefore presents no Confrontation Clause issues. *Ibid.* The *Bruton* rule is thus "a narrow exception to the presumption that juries follow their instructions," *id.* at 647 (citation and quotation marks omitted), and does not "mandate severance whenever the prosecution wishes to introduce the confession of a nontestifying codefendant," *id.* at 654.

These principles do not require severance here. Valentin and Boone point to three potentially testimonial statements to law enforcement officers that they suggest implicate *Bruton*: (i) Boone's statement that he did "weed business" with Valentin, Valentin's Mot. 38; (ii) Boone's statement that Jarrett Bruce is Valentin's "man," *ibid.*; and (iii) Jarrett Bruce's statement that the victim was Jarrett Bruce's friend and had told Jarrett Bruce about the kidnapping, *id.* at 39; Boone's Mot. 5. But none of those statements are directly accusatory since they do not, on their face, link Valentin or Boone to the charges against them—kidnapping conspiracy and (in Valentin's case) transmission of interstate communications with intent to extort. *See* Second Superseding Indictment ¶¶ 1–3. And even were that not so, redactions could ensure that these statements were not admitted at trial in a manner that runs afoul of *Bruton*. *See Samia*, 599 U.S. at 647. The Confrontation Clause accordingly provides no basis for severance.

3

The risk of spillover prejudice also does not require severance. Boone maintains that Valentin and Jarrett Bruce have made statements linking themselves to the victim, with whom Boone alleges he "had no preexisting relationship." Boone's Mot. 5. According to Boone, the introduction of those statements creates the risk that he "will be found guilty by association." *Ibid.* But "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (alteration omitted) (quoting *United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983)); *accord United States v. Cardascia*, 951 F.2d 474, 483 (2d Cir. 1991); *United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988). Evidence connecting Valentin and Jarrett Bruce to the victim does not create a risk of prejudice so severe as to overcome the preference in favor of "less drastic measures, such as limiting instructions," *Zafiro*, 506 U.S. at 539, or "to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials," *Page*, 657 F.3d at 129.

Similarly, Valentin and Boone have not demonstrated that they face an unjustifiable risk of spillover prejudice at a joint trial because of the charge of witness tampering and obstruction of justice against Jarrett Bruce and Gregory Bruce. *See* Valentin's Reply 20 (Dkt. #84); Boone's Reply 1 (Dkt. #86); *see also* Second Superseding Indictment ¶ 4. The "variety of charges" in a case is not a basis for severance "without a showing that the issues [are] actually beyond the jury's competence." *United States v. DiNome*, 954 F.2d 839, 842 (2d Cir. 1992). Valentin and Boone have not made any such showing. In other words, they have not explained why a jury would "lack[] the capacity to understand . . . instructions . . . regarding the right of each defendant to individualized consideration" on the charges against them. *Ibid.* Moreover, the Second Circuit has affirmed the denial of severance motions where the variety of charges is even greater than here. *See, e.g., ibid.* (involving "[a] seventy-eight count indictment charg[ing] twenty-four persons

4

with various crimes"); *Cardascia*, 951 F.2d at 477 (involving a "64-count indictment charg[ing] 12 defendants variously"). Nor do they point to any evidence admissible only on the witness tampering and obstruction charge that is so "inflammatory" it will "tend[] to incite or arouse the jury into convicting [Valentin and Boone] on the remaining counts." *United States v. Hamilton*, 334 F.3d 170, 182 (2d Cir. 2003) (citation omitted). However, I reserve ruling on whether there might be prejudicial spillover in the other direction—that is, whether evidence admissible only on the kidnapping conspiracy and intent to extort charges may be so inflammatory as to require severance of the defendants charged with witness tampering and obstruction. Yet Valentin and Boone have not identified a risk of spillover prejudice so substantial as to warrant their severance from the defendants charged with witness tampering and obstruction.

Finally, Boone is mistaken in suggesting that the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that his trial be severed so that he can receive an earlier trial date. *See* Boone's Mot. 2–3. Under the Speedy Trial Act, "a criminal defendant must be tried within seventy days of the filing the information or indictment, or of his initial appearance in the district where the charges are pending, whichever occurs later." *United States v. Holley*, 813 F.3d 117, 120 (2d Cir. 2016) (citing 18 U.S.C. § 3161(c)(1)). But the Speedy Trial Act allows certain periods to be excluded from calculations—including, in cases involving multiple defendants, a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Exclusions for one defendant automatically apply to a co-defendant unless and until the co-defendant "makes a motion for severance that is denied." *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990).

Here, the Speedy Trial Act does not require that Boone be tried before the currently scheduled date of September 23, 2024. No time appears to have run on Boone's Speedy Trial Act clock since his arraignment on February 1, 2024. The time from Boone's arraignment until July

5

29, 2024, was excluded from Speedy Trial Act calculations because on October 31, 2023, the Court set a trial date of July 29, 2024, for Valentin, and excluded time until the trial date for trial preparation, preparation of pretrial motions, and to accommodate counsel's preexisting commitments. *See* October 31, 2023, Tr. 5. This exclusion of time as to one of Boone's co-defendants—covering a period before the denial of any severance motion from Boone—applies automatically to Boone. *See Vasquez*, 918 F.2d at 337.

A further order of excludable delay covers the period from July 29, 2024, until the new trial date in this matter—September 23, 2024. On March 26, 2024, the Court adjourned the July trial date for just under two months at the request of counsel for Jarrett Bruce. Jarrett Bruce had been arrested months after the original trial date had been set, meaning that much of the time allocated for Valentin's trial preparations had elapsed by the time counsel for Jarrett Bruce entered the case. The Court granted Jarrett Bruce's request to adjourn the trial date after his counsel stated on the record that he needed additional time to prepare for trial. *See* Mar. 26, 2024, Tr. 5–8. The Court then entered an order excluding time until the new trial date for purposes including "to allow for the preparation of motions, . . . the review of discovery materials and then the preparation for trial." *Id.* at 10. While Boone—unlike his co-defendants—objected to that delay, *see id.* at 8, Boone's preference for an earlier trial date does not render invalid or unreasonable this relatively short ends-of-justice exclusion for purposes recognized as legitimate under the Speedy Trial Act. *See United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013) ("[T]he [Speedy Trial Act] does not include the defendant's consent among the factors a court must consider in weighing whether the ends of justice would be served by granting a continuance."); *see also, e.g.*, *United States v. Contreras*, 216 F. Supp. 3d 299, 306 (W.D.N.Y. 2016); *United States v. Ajemian*, 878 F. Supp. 2d 432, 436 (S.D.N.Y. 2012); *United States v. Glover*, No. 08-CR-0004 (JCH), 2008 WL 4696120,

at *5 (D. Conn. Oct. 21, 2008).  Accordingly, Boone is not entitled to a severance on the theory that failing to afford him an earlier trial date violates the Speedy Trial Act.

## CONCLUSION

For the reasons set forth above, Valentin's and Boone's motions for severance are denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: July 30, 2024
       Brooklyn, New York