UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

        v.

LESLY VALENTIN, JARRETT
BRUCE, AASIM BOONE,
and GREGORY BRUCE,

        Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CR-292 (RPK)

RACHEL P. KOVNER, United States District Judge:

Defendant Gregory Bruce moves to sever his trial from that of his co-defendants under Federal Rules of Criminal Procedure 8(b) and 14. *See* Gregory Bruce Mot. to Sever (Dkt. #98). For the reasons set forth below, Gregory Bruce's motion to sever Count Three of the third superseding indictment as improperly joined under Rule 8(b) is granted.

## BACKGROUND

Gregory Bruce is one of four defendants charged in the third superseding indictment—the operative indictment—in this case. *See* Third Superseding Indictment (Dkt. #110). In the indictment's first count, defendants Lesly Valentin, Aasim Boone, and Jarrett Bruce are charged with kidnapping conspiracy in violation of 18 U.S.C. § 1201(c). *Id.* ¶¶ 1–2. Specifically, the count charges that in or about December 2022, Valentin, Boone, and Jarrett Bruce conspired to kidnap an individual referred to as "John Doe 1." *Ibid.* The second count charges Valentin with transmission of interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b). *Id.* ¶ 3. Specifically, Valentin is charged with transmitting messages threatening to kidnap and injure John Doe 1 and one or more of John Doe 1's friends and family members. *Ibid.*

1

The third count—the only one that names Gregory Bruce—charges that in or about January 2024 and February 2024, Jarrett Bruce and Gregory Bruce engaged in witness tampering and obstruction of justice to prevent an individual referred to in the indictment as "John Doe 2" from testifying "in a federal criminal proceeding in the Eastern District of New York," in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(c)(2).  Third Superseding Indictment ¶ 4.  The indictment does not specify the nature of the "federal criminal proceeding," but the government states in opposing severance that this charge concerns witness tampering and obstruction designed to prevent John Doe 2 from testifying about the events underlying the first two charges in the indictment.  *See* Opp'n to Gregory Bruce Mot. to Sever 3 (Dkt. #104).

Finally, the fourth count charges Boone with attempted obstruction of justice in violation of 18 U.S.C. §§ 1512(b)(2)(B) and 1512(c)(2).  Third Superseding Indictment ¶ 5.  Specifically, Boone is charged with attempting to persuade an individual referred to as "Jane Doe" to destroy an Apple iCloud account to prevent its use in "a federal criminal proceeding in the Eastern District of New York."  *Ibid.*

## DISCUSSION

### I. Legal Standard

#### A. Joinder Under Rule 8(b)

"[W]hen a defendant in a multiple-defendant case challenges joinder of offenses, his motion is made under [Federal Rule of Criminal Procedure] 8(b)."  *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988) (citation omitted); *see United States v. Ohle*, 678 F. Supp. 2d 215, 224 & n.8 (S.D.N.Y. Jan. 12, 2010).  Rule 8(b) permits "joinder of two or more defendants 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses.'"  *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting Fed. R. Crim. P. 8(b)).  "[J]oinder is proper where two or more persons'

2

criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (quotation marks and citation omitted). Courts also "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007).

The Second Circuit has explained that "[u]nder the plain language of Rule 8(b), the decision to join parties turns on what is 'alleged' in the 'indictment.'" *Rittweger*, 524 F.3d at 178 (quoting Fed. R. Crim. P. 8(b)). In *Rittweger*, the Second Circuit held that criminal defendants could not rely on evidence adduced at trial to argue that they had been improperly joined as defendants under Rule 8(b). *Ibid.* In a footnote, it explained that it was not deciding the related question of "whether district courts in deciding Rule 8(b) motions may consider the government's pre-trial representations about what it believes the evidence will (or will not) show." *Id.* at 178 n.3. But the *Rittweger* Court did add that its holding that the plain "language of the Rule does not allow for the consideration of evidence at trial" in the joinder analysis appeared to compel the conclusion that the Rule "does not . . . allow for consideration of pre-trial representations not contained in the indictment" either. *Ibid.*

After *Rittweger*, whether charges in a multi-defendant case are properly joined under Rule 8(b) must be measured only against the allegations contained in the indictment. To be sure, the Second Circuit's statement barring consideration of the government's pretrial representations is *dicta*. But that conclusion follows from *Rittweger*'s core holding. The *Rittweger* Court held that the defendants before it could not rely on evidence outside the indictment to challenge joinder because under the "plain language of Rule 8(b)," the "alleg[ations]" relevant to the joinder inquiry

3

are those in the indictment.  *Id.* at 178.  That reasoning forecloses consideration of government proffers and defense proffers alike.

Accordingly, I join many other district courts in this Circuit in concluding that the government cannot support joinder by proffering facts outside the indictment.  *See, e.g.*, *United States v. Weiner*, No. 22-CR-19 (PGG), 2024 WL 150019, at *11 (S.D.N.Y. Jan. 11, 2024) (crediting "the dicta in *Rittweger*, district court decisions from this Circuit, and the decisions from five other circuits holding that a Rule 8(b) joinder determination must be premised on the factual allegations in an indictment"); *United States v. Jordan*, 629 F. Supp. 3d 49, 59 (E.D.N.Y. Sept. 19, 2022) ("[I]n assessing the propriety of joinder, district courts are to look only at the facts alleged in an indictment."); *United States v. Chierchio*, No. 20-CR-306 (NGG), 2022 WL 523603, at *3 (E.D.N.Y. Feb. 22, 2022) ("The government must moreover demonstrate 'substantial identity' while also observing the general rule—adopted by most circuits and assumed but not decided by the Second Circuit—that joinder must be justified on the face of the indictment." (citation omitted)); *United States v. Rajaratnam*, 753 F. Supp. 2d 299, 306–07 (S.D.N.Y. 2010) ("[T]his court will analyze whether the counts against Rajaratnam and Chiesi, *as described in the language on the face of the Indictment*, are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." (emphasis in original) (quotation marks and citation omitted)); *see also United States v. Pizarro*, No. 17-CR-151 (AJN), 2018 WL 1737236, at *4 (S.D.N.Y. Apr. 10, 2018) (collecting cases).

**B.    Severance Under Rule 14**

Federal Rule of Criminal Procedure 14 provides that, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "For reasons of economy, convenience and avoidance of delay, there is a

preference in the federal system for providing defendants who are indicted together with joint trials." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In other words, "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice," *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (quotation marks and citation omitted), that is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials," *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted). Even where a defendant shows a risk of prejudice, "less drastic measures, such as limiting instructions" are preferred. *Zafiro*, 506 U.S. at 539. Ultimately, "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Id.* at 541.

## II. Analysis

Gregory Bruce's motion to sever Count Three of the indictment as improperly joined under Rule 8(b) is granted, and his motion to sever from his co-defendants under Rule 14 is denied insofar as it applies to severing his trial from that of Jarrett Bruce on Count Three of the indictment.

Count Three of the operative indictment, which charges Jarrett Bruce and Gregory Bruce with witness tampering and obstruction of justice, consists of a single paragraph. It reads, in full:

> In or about and between January 2024 and February 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JARRETT BRUCE, also known as "Inf," "Infinite" and "Infamous," and GREGORY BRUCE, together with others, did knowingly and intentionally (1) use intimidation, threaten, corruptly persuade and attempt to do so, and engage in misleading conduct toward another person, to wit: John Doe 2, an individual whose identity is known to the Grand Jury, with intent to (a) influence, delay and prevent the testimony of John Doe 2 in an official proceeding, to wit: a federal criminal proceeding in the Eastern District of New York; and (b) cause and induce

5

>John Doe 2 to withhold testimony from said official proceeding; and (2) corruptly obstruct, influence and impede said official proceeding and attempt to do so.

Third Superseding Indictment ¶ 4.

The government invokes the proposition that, though "the commission of the offense and the subsequent cover-up are distinct offenses, they form an integrally connected whole as a series of acts or transactions having a 'logical relationship.'" *United States v. Butler*, No. 04-CR-340 (GEL), 2004 WL 2274751, at *4 (S.D.N.Y. Oct. 7, 2004) (citation omitted); *see* Opp'n to Gregory Bruce Mot. to Sever 2.  Applying that principle, the government argues that joinder here is proper because "[t]he obstruction and witness-tampering charge against [Gregory Bruce] arises out of the exact same facts as the kidnapping conspiracy with which the co-defendants are charged." Opp'n to Gregory Bruce Mot. to Sever 3.  Specifically, Gregory Bruce and "co-defendant Jarrett Bruce are both charged with attempting to obstruct justice and tamper with a witness to cover up the kidnapping conspiracy in the indictment." *Ibid.*

But that is the government's gloss on the indictment—it is not what the indictment actually charges.  The indictment states only that Jarrett Bruce and Gregory Bruce attempted to influence witness testimony in "a federal criminal proceeding in the Eastern District of New York" and attempted to obstruct the same.  Third Superseding Indictment ¶ 4.  The particular "federal criminal proceeding" is not identified, and neither Gregory Bruce nor "John Doe 2" are alleged to have participated in, known of, or bore any relationship at all to the kidnapping scheme charged in the earlier counts.  The only fact alleged in the indictment tying the counts together is that Jarrett Bruce was charged in both.  That does not alone suffice to show a "substantial identity of facts or participants" or "a common plan or scheme." *Rittweger*, 524 F.3d at 177 (citation omitted); *see, e.g.*, *Chierchio*, 2022 WL 523603, at *2–5 (denying joinder under Rule 8(b) despite common defendants being charged in both sets of counts); *Jordan*, 629 F. Supp. 3d at 57–60 (same).

6

The Court does not take issue with the government's statement of law that, as a general matter, an obstruction charge will often be properly joined under Rule 8(b) to an underlying offense the defendant seeks to cover up. But, as previously explained, the Court is limited to "the language the government has actually used in charging the defendants with their alleged crimes, not by what the government could have alleged." *United States v. Parrilla*, No. 13-CR-360 (AJN), 2014 WL 1621487, at *12 (S.D.N.Y. Apr. 22, 2014) (quotation marks and citation omitted). When the government seeks joinder under Rule 8(b), "it crafts a barebones indictment at its own risk." *Rajaratnam*, 753 F.Supp.2d at 307 (citation omitted). Looking only to the four corners of the indictment, it is impossible to discern the relationship the government claims between Gregory Bruce's alleged witness tampering and obstruction of justice and the other counts in the indictment.

Gregory Bruce also moves to sever his trial from that of his co-defendants' under Federal Rule of Criminal Procedure 14. This motion is largely mooted by the Court's decision to grant his motion to sever Count Three as improperly joined under Rule 8(b), as his arguments were directed at the spillover prejudice he would suffer from being tried together with the other defendants on the substantive kidnapping counts. *See* Gregory Bruce Mot. to Sever 3–5. Because Count Three, the only count in which he is charged, is being severed from those counts, this risk of prejudice is no longer presented. To the extent that Gregory Bruce maintains his motion to sever under Rule 14 as applied to Jarrett Bruce, the other defendant charged in Count Three, the motion is denied. None of the arguments Gregory Bruce makes with respect to the risk of prejudice appear to apply to a trial in which Jarrett Bruce and Gregory Bruce are tried together on the obstruction count only. And holding two separate trials on the same count will also impose substantial burdens on the parties, witnesses, and the Court, as well as present a risk of inconsistent verdicts.

## CONCLUSION

For the foregoing reasons, Gregory Bruce's motion to sever Count Three of the indictment as misjoined under Federal Rule of Criminal Procedure 8(b) is granted. Gregory Bruce's motion for severance under Federal Rule of Criminal Procedure 14 is denied to the extent it applies to Jarrett Bruce after Count Three is severed from the rest of the indictment.

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: October 8, 2024
       Brooklyn, New York